UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE B. SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV356  HEA |
| ) | |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Stephanie B. Scruggs for leave to commence this action without payment of the required filing fee.  *See* 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. The named defendants are the Equal Employment Opportunity Commission ("EEOC") and Patrick Hollis (an EEOC employee). Plaintiff alleges that, after being terminated from her employment with Greyhound Lines, she went to the EEOC and was interviewed by defendant Hollis, who told plaintiff to return after she went "through the steps with the union, including arbitration." Plaintiff states that, after a year and a half, she was told the president would not arbitrate her case, and thus, she returned to the EEOC. Plaintiff claims that "Mr. Hollis tried to deny that he ever told her [to do what she did]." Plaintiff states that she was subsequently issued a right-to-sue letter by a different

EEOC employee. Plaintiff complains that defendant Hollis "didn't want to file [her] charge, because he was being lazy," and this "took [her] into a deeper stage of depression." Plaintiff states that the "EEOC pulled false fraudulent misleading information," and she "feel[s] [she] has been cheated out of everything."

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous and fails to state a cognizable claim for relief, because no private right of action against the EEOC and its employees exists under Title VII. *See McDaniel v. U.S. Postal Services*, 210 F.3d 384 (9th Cir. 2000); *Gibson v. Missouri Pac.R.Co.*, 579 F.2d 890, 891 (5th Cir. 1978); *Kuser v. EEOC*, 1978 WL 181 (D.Md. 1978). As such, this action will be dismissed pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

3

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of March, 2013.

_____
**UNITED STATES DISTRICT JUDGE**